STATE, ex rel. MASTERSON et, Plaintiffs-Appellants, v. OHIO STATE
RACING COMMISSION et, Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 5866.   Decided May 6, 1958.

George J. McMonagle, Michael T. Gavin, Cleveland, for plaintiffs-appellants.
William Saxbe, Atty. Genl., Hugh A. Sherer, Chief Counsel, Chester Hummell, Asst. Atty. Genl., Columbus, for defendants-appellees.

## OPINION

By MILLER, J.

This is a motion ,submitted by the defendants-appellees seeking an order dismissing the appeal for the reason that the notice of appeal was not filed within the time prescribed by law.  A review of the record reveals that on January 27, 1956, a petition for injunction was filed on the relation of Charles P. Masterson, Sophie Borek, Georgeann Borek, Gerald Borek and Patrick Borek, minors of tender years, by Sophie Borek, their mother and next friend, all as citizens of the State of Ohio, against the Ohio State Racing Commission of the State of Ohio and the members thereof.  The broad purpose of the petition was to prevent the respondents permitting horse racing for a stake, purse or award at which pari-mutuel or certificate type of wagering was authorized or permitted, upon the claim that the operation of such pari-mutuel system of betting was a lottery within contemplation of **Article XV, Section 6, Ohio Constitution,** and prohibited thereby.

The eighth paragraph of the petition avers that all of the plaintiffs are citizens of the State of Ohio and will suffer irreparable damage for which they have no adequate remedy at law by being exposed to the continual open and notorious operation of lotteries, under the supervision and licensing by the defendants; that the relator, Sophie Borek, is the former wife of John Eugene Borek, and Georgeann Borek, Gerald Borek and Patrick Borek are minor children of said John Eugene Borek, and Sophie Borek; that because of the loss by said John Eugene Borek, in wagering at horse race tracks to which the respondent commission has

heretofore issued permits and supervised horse racing for a stake, purse or award, with pari-mutuel type of wagering, of his wages and earnings needed for the support and maintenance of his family, they became destitute, in need and the said children were placed under the control of the Juvenile Court of Cuyahoga County, Ohio, and it is to eliminate the possibility of like occurrences in the Borek family and other families of Ohio citizens that the within action is filed.

Thus, it will be noted that status of the Boreks was different from that of Masterson in the particulars set out.

On February 16, 1956, a demurrer was filed to the petition "for the reason that it appears on the face of the petition that plaintiffs have not legal capacity to sue." On February 27, 1956, a judge of the Common Pleas Court filed a written decision, the first paragraph of which reads:

"Defendants' demurrer to the petition of plaintiffs is sustained because of a misjoinder of parties plaintiff."

Thereafter the Court discusses in a general way the underlying purpose of plaintiff, Masterson, in filing three suits against the defendants in this case. No specific discussion is had with respect to any of these cases. The last paragraph of this opinion reads:

"The reasoning and rulings of the former cases will be adhered to in holding that the plaintiff Masterson, either as a taxpayer or a citizen has failed to show that he is a proper plaintiff to appeal to this court for the purpose indicated."

Pursuant to this decision an entry was prepared and journalized of date March 9, 1956. In the meantime, and before this entry was spread upon the record, plaintiffs indicated the purpose to reject the journal entry for two reasons, one, there is now pending before the court a motion for reconsideration of said demurrer; two, if the motion of the plaintiffs is not granted, plaintiffs will elect to plead further in this matter.

The entry sustaining the demurrer reads:

"This cause being heard on the demurrer to petition, the court, on consideration thereof, sustains the same because of a misjoinder of parties plaintiff. Plaintiffs are given leave to file an amended petition within this rule.

"To this order and ruling of the court plaintiffs except."

This entry was signed by the trial judge and all of counsel for the parties. In all probability, it was prepared by counsel for the defendants.

Thereafter, on March 17, 1956, pursuant to the ruling on the demurrer, Charles P. Masterson, only, as a citizen, filed his amended petition for injunction and relief. The averments thereof were substantially the same as in the first petition except the omission of the names and status of the other parties-plaintiffs in the first petition. On this amended petition, summons and process were issued and served. Thereafter, on March 29, 1956, defendants moved the court for an order "striking the amended petition from the files for the reason that the same is not responsive to the prior order of the court in sustaining the special demurrer to the petition." While this motion was pending the court by nunc pro tunc entry, filed October 11, 1957, corrected the journal entry of March 9, 1956, to read as follows:

"This cause came on for reconsideration by the Court upon application by the defendants, and it appearing to the court that it was evident upon the face of plaintiffs' original petition that the plaintiffs, and specifically Plaintiff Masterson, do not have the legal capacity to sue, the court finds from its own recollection that the defendants' demurrer to the plaintiffs' original petition was sustained upon this ground as well as upon the resulting ground that there was a misjoinder of parties plaintiff, and the journal entry carrying into effect the order of the court with respect thereto should have so stated.

"For the purpose of correcting such clerical omission from the entry of March 9, 1956, in order that the same may recite accurately the action of this court, and for the purpose of reciting the action of this court with respect to the demurrer to the amended petition of plaintiff Masterson, and after notice to counsel for plaintiffs.

"It is ORDERED, ADJUDGED AND DECREED that the demurrer of defendants to plaintiffs' petition be and the same hereby is sustained, **nunc pro tunc**, effective March 9, 1956, for the reasons that plaintiffs have not the legal capacity to sue and that there is a misjoinder of parties plaintiff.

"To the foregoing finding and order the plaintiffs except.

"Plaintiffs are given leave to file an amended petition on or before October 26, 1957."

No appeal was filed from this judgment entry and on December 3, 1957, the court sustained a motion of the defendants to strike the amended petition from the files for the reason that the same was not responsive to the prior order sustaining the special demurrer to the petition. The notice of appeal is directed to this order of December 3d. The question, therefore, presented is whether the nunc pro tunc entry determining that Charles P. Masterson did not have the legal capacity to sue constituted a final order. If it was such, then the pending amended petition became a nullity, since the sole plaintiff therein had been found to have no capacity to sue. The lower court's order of December 3d merely restated that which had already been adjudicated by the nunc pro tunc entry of October 11th, to wit, no legal capacity to maintain the action. This being true, any right to amend could be of no avail; hence, under the rule of law pronounced in the second paragraph of the syllabus in **Schindler v. The Standard Oil Co., 165 Oh St 76**, the order of October 11th was a final appealable order and from which no appeal has been taken. The syllabus in the cited case provides:

"Where, upon the sustaining of a general demurrer to a petition, the judgment sought is not prevented because of the right to amend the petition, there is no final appealable order, but, where the order sustaining the demurrer absolutely prevents the judgment, and the right to amend would be of no avail, there is a final appealable order."

The motion to dismiss the appeal will be sustained.

PETREE, PJ, BRYANT, J, concur.